## KEM v CAPPS, et al.

### Case No. 89-22509-CA

Fourth Judicial Circuit, Duval County

March 23, 1990

### APPEARANCES OF COUNSEL

**Thomas F. Slater, Esquire,** Margol & Pennington, P.A., for plaintiffs.

**Brian E. Currie, Esquire,** Taylor, Day & Rio, for defendants.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

*ORDER SUSTAINING PLAINTIFFS' OBJECTION TO REQUEST FOR PHYSICAL EXAMINATION*

This cause was heard on March 19, 1990, upon plaintiffs' objection to the appointment of E. Reid McAuley, M.D., to conduct a physical examination of the plaintiff. The Court heard argument of counsel and

considered the limited law that was presented concerning this appointment. Based upon this Court's own observations of said doctor in jury trials in personal injury cases, it was determined that this particular doctor would not be appropriate to conduct the medical examination. Defendants' attorney was informed that he could pick any other orthopedic surgeon to conduct the examination and less there was good cause shown by the plaintiff why that doctor should not conduct the examination, it would be done.

The Court has considered the current rule of civil procedure regarding the designation of a doctor to perform the physical examination and recognizes that the defendant has the right to have an injured plaintiff examined by an independent doctor. The purpose of the examination is to provide the defendant with evidence that can be presented to the jury concerning the true physical condition of that plaintiff. The Court has no qualms about such appointments but in this particular case the Court is exercising its discretion because the Court does not believe that the examination by Dr. McAuley would result in sufficient facts being presented to the jury concerning the injury to the plaintiff. There are numerous well qualified orthopedic surgeons in Jacksonville, Florida, who can perform such examination and defendant may, of course, designate one of those doctors to perform the examination. It is therefore

ORDERED AND ADJUDGED:

1. Plaintiffs' objection to defendant's request for physical examination by the designated physician is sustained.

2. Paragraph 6 of this Court's order setting the case for jury trial and for pre-trial conference is hereby amended by deleting the 45-day requirement for the defendant to serve on other counsel and file with the Court the notice containing information regarding each expert witness who will testify at trial on behalf of the defendant, and substituting in lieu thereof a 20-day requirement for the furnishing of the said information prior to pre-trial conference. All other provisions of paragraph 6 of that order will remain in full force and effect.

3. The defendant shall serve upon the plaintiffs' attorney a new request for independent medical examination within 20 days from the date of this Order and plaintiffs shall file any objection to that request within ten days after service of that request.

DONE AND ORDERED at Jacksonville, Florida, this 23rd day of March, 1990.